**[J-84-2020] [MO:Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

IN THE INTEREST OF: J.J.M., A MINOR

APPEAL OF: J.J.M., A MINOR

: No. 23 MAP 2020
:
:
: Appeal from the Order of the
: Superior Court at No. 1245 MDA
: 2018 dated September 10, 2019
: Affirming the Order of the Luzerne
: County Court of Common Pleas,
: Juvenile Division, at No. CP-40-JV-
: 0000119-2018 dated May 14, 2018.
:
: ARGUED:  October 20, 2020

**CONCURRING AND DISSENTING OPINION**

**JUSTICE MUNDY**                                   **DECIDED:  December 21, 2021**

We granted review in this matter to consider whether the portion of Pennsylvania's terroristic threats statute that makes it a crime for a person to communicate a threat "to cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience" is violative of the First Amendment of the United States Constitution.  Section 2706(a)(3) of the Crimes Code, 18 Pa.C.S. § 2706(a)(3).  I agree with the conclusion reached by the Majority Opinion that the First Amendment does not prohibit the criminalization of true threats made with a reckless culpability.  As such, I agree with the Majority Opinion that Section 2706(a)(3) passes constitutional muster. However, because my views on whether the record supports Appellant's adjudication of delinquency under Section 2706(a)(3) differ from that of the Majority, I dissent with respect to that issue.  Thus, I join Parts I, II, III, and IV(a) of the Majority Opinion, but I do not join Parts IV(b) and (c).

In this regard, my views align with that of the Superior Court, which recounted the relevant testimony from the adjudication hearing before the juvenile master, summarized Appellant's arguments, and analyzed whether Appellant's speech constituted a terroristic threat under Section 2706(a)(3) as follows:

> At the adjudication hearing [before the juvenile master], M.W. stated that she personally heard Appellant say on February 20, 2018, in the hallway of the school between classes, that he "wanted to beat the record of 19."[1] N.T. Adjudication Hearing, 4/26/18, at 14. K.S. heard Appellant's statement about wanting to "beat the record" indirectly, through other students. *Id.* at 25. Both M.W. and K.S. indicated that they took Appellant seriously because he had in the past spoken to them about death and that people should die. *Id.* at 13, 29. K.S. further testified that she had been generally uneasy and anxious at the time she heard of Appellant's statements as there had been a recent school shooting in the news.[2] *Id.* at 31. M.W. did not inquire of Appellant as to the meaning of his statement, as she felt explanation was unneeded. *Id.* at 18.
>
> Appellant argues that the actual words he said, standing alone, have "no logical connection which can equate the statement with harm. . . . [Appellant] could have been speaking about participation in a video game or any other competition[.]" Appellant's brief [to the Superior Court] at 9. Appellant made the same argument to the [Court of Common Pleas of Luzerne County during its *de novo* review of the juvenile master's adjudication]. *See* N.T. Adjudication Hearing, 4/26/18, at 41-42. However, the [common pleas] court rejected it, noting that it was made in the presence of students who cannot help but be aware in this day and age of "the proliferation of incidents which have occurred throughout this country." [Common Pleas] Court Opinion, 7/16/18, at 8. We agree that, from this

---

[1] I note, as the Superior Court noted in its decision, that during her testimony "M.W. indicated she was not absolutely sure that nineteen was the number Appellant indicated." N.T. Adjudication Hearing, 4/26/18, at 14." *In the Int. of J.J.M.*, 219 A.3d 174, 180 n.3 (Pa. Super. 2019).

[2] Appellant's statement was made six days after seventeen students were killed at Marjory Stoneman Douglas High School in Parkland, Florida, the deadliest high school shooting in the United States. *See, e.g.*, Brendan O'Brien, *Accused Florida School Shooter Pleads Guilty in 2018 Parkland Massacre*, Reuters (last visited Nov. 4, 2021), https://www.reuters.com/world/us/accused-florida-school-shooter-set-plead-guilty-2018-parkland-massacre-2021-10-20/.

context and the circumstances surrounding Appellant's statement, the words expressed an intent to cause harm and an indication of impending menace. Hence, Appellant made a threat within the meaning of [Section] 2607.

Further, we conclude that the evidence sufficiently established that Appellant made his threat with reckless disregard for the risk that it would cause terror. Again, the facts are that, while the news was dominated by the deadliest high school shooting in this country's history, Appellant proclaimed in a high school hallway, between classes, loud enough for other students to hear, that he wanted to "beat the record of 19."[] We do not hesitate to conclude that Appellant consciously disregarded a substantial and unjustifiable risk that the threat would terrorize his fellow students. *See* [Section 302(b)(3) of the Crimes Code[3],] 18 Pa.C.S. § 302([b])(3) (defining recklessness).

*In the Int. of J.J.M.*, 219 A.3d 174, 180-81 (Pa. Super 2019).

Accordingly, as I would affirm Appellant's adjudication of delinquency under Section 2706(a)(3), I must respectfully dissent from the portion of the Majority Opinion holding otherwise.

Chief Justice Baer joins this concurring and dissenting opinion.

---

[3] Section 302(b)(3) provides:

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3).